**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

**In re:**

                                                        **CASE NO. 13-39597-RBR**

**MICHAEL JAMES PICAZIO,**                 **CHAPTER 7**

     **Debtor.**
_____/

**OBJECTIONS BY THE CHAPTER 7 TRUSTEE, KENNETH A. WELT, TO THE CLAIMED EXEMPTIONS OF THE DEBTOR AND MOTION FOR TURNOVER**

     **KENNETH A. WELT**, as Chapter 7 Trustee (the "Trustee") for Michael James Picazio (the "Debtor"), by and through counsel, and pursuant to Fed. R. Bankr. P. 4003(b), and 11 U.S.C. §542(a) files these Objections by the Chapter 7 Trustee, Kenneth A. Welt, to the Claimed Exemptions of the Debtor (the "Objections") and Motion for Turnover, and as grounds therefore states, as follows:

**I.**     **BACKGROUND.**

     1.     On December 13, 2013 (the "Petition Date"), the Debtor, Michael James Picazio (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").[1]

     2.     Kenneth A. Welt was thereafter appointed as the Trustee of the Debtor's Chapter 7 estate (the "Estate"). The Section 341 Meeting of Creditors was held on January 14, 2014 at 10:00 a.m. and was concluded at that time.

     3.     On December 13, 2013, the Debtor filed his Summary of Schedules, Schedules A-

---

[1] This is the 3rd bankruptcy petition filed by the Debtor during the past 3 years. On February 15, 2012, the Debtor filed a chapter 11 petition [Case No. 12-13653-JKO] that was dismissed on August 14, 2012. On April 22, 2013, the Debtor filed a chapter 7 petition [Case No. 13-19005-BKC-RBR] which was dismissed on May 17, 2013 with prejudice for 180 Days for Failure to File Summary of Schedules, Schedules A-J, Statement of Financial Affairs, Unsworn Declaration, Chapter 7 Statement of Current Monthly Income, Certificate of Credit Counseling, and payment advices.

J (the "Schedules") and Statement of Financial Affairs ("SOFA") including Schedule C-Property Claimed As Exempt.

4. On January 14, 2014, the Debtor filed his Amended Summary of Schedules, Amended Schedule C, [ECF No. 11] (the "Amended Schedule C").

5. On January 16, 2014, the Trustee hired Stampler Auctions as Auctioneer's to inventory, evaluate and appraise the personal property of the Debtor located at 2101 Middle River Drive, Fort Lauderdale, Florida 33305 [ECF No. 17].

6. On January 29, 2014, the *Chapter 7 Trustee filed an Ex-Parte Application to Retain Mariaelena Gayo-Guitian and the law firm of Genovese, Joblove & Battista* (the "GJB Law Firm") to represent him in this case [ECF No. 23]. On January 30, 2014, the Court entered an Order approving the employment of the GJB Law Firm [ECF No. 24]. On February 7, 2014, the Court entered an Order Granting Application to Employ Harry Stampler [ECF No. 26].

7. Following the retention of the GJB Law Firm, the Trustee has been actively investigating and evaluating the Debtor's assets, real properties, executory contracts and unexpired leases as set forth in the Amended Schedules.

8. On February 11, 2014, the Trustee filed a Motion to Extend Time to Object to the Debtor's Claimed Exemptions [ECF No. 29]. On March 21, 2014, the Court entered an Order granting the extension through April 14, 2014 [ECF No. 52].

9. On April 7, 2014, the Debtor filed Amended Summary of Schedules and Amended Schedule B, [ECF No. 65] (the "Amended Schedule B").

10. On April 14, 2014, the Trustee filed a Second Motion to Extend Time to Object to the Debtor's Claimed Exemptions [ECF No. 68]. On May 13, 2014, the Court entered an Order Granting the extension through June 14, 2014 [ECF No. 71].

11. Among the creditors listed on Schedule F – Creditors Holding Unsecured Non-Priority Claims [ECF No. 1] the Debtor listed a debt to Marion Lowry ("Ms. Lowry")[2] in the amount of $576,000.00. The debt is listed as an obligation of the Debtor and not jointly with the non-debtor spouse. However, as discussed below, the Trustee asserts that the debt owed to Ms. Lowry is, in fact, a joint debt between the Debtor and his non-filing spouse.

12. The Trustee objects to certain of the property claimed as exempt on the Debtor's Schedule C upon the grounds set forth herein.

## II. THE DEBTOR'S CLAIMED EXEMPTIONS.

13. Pursuant to the Schedule A, the Debtor disclosed an interest in real property located at 2101 Middle River Drive, Fort Lauderdale, Florida (the "Property"). The Property is titled under the name of the Debtor and his wife, Kim Lowry Picazio ("Ms. Picazio"). The Debtor is claiming the Property as exempt on Amended Schedule C pursuant to Article X, §4(a)(1), Fla. Const; Fla. Stat. Ann. §222.01 & 222.02 and as Tenancy by the Entirety ("TBE"). The current value of the Property is listed at $1,247,000.00.

14. Further, the Debtor is claiming as exempt an interest in two (2) timeshares, namely, Calypso Cay Resort, located in Orlando, Florida (collectively, the "Timeshares") as TBE with Ms. Picazio. The current value of the Timeshares is listed at "$0.00".

15. Next, the Debtor is claiming the full value of the Household Goods and Furnishings ("Household Goods and Furnishings") in the amount of $12,500 as exempt by TBE property with his wife.

16. Additionally, the Debtor is claiming as exempt Books, Pictures and other art objects; collectables with an unknown value as TBE property..

17. Additionally, pursuant to Schedule C, the Debtor listed the following property as

---

[2] Marion Lowry is the Debtor's mother-in-law who passed away in March 2014.

3

exempt pursuant to Article X, §4(a)(2), Fla. Const., up to the following value of claimed exemptions:

    (a)    Wearing apparel    $20.00

    (b)    Furs and Jewelry    $250.00

    Total Value of Personal Property    $270.00

(collectively, the "Personal Property").

### III.    <u>GENERAL OBJECTIONS TO CLAIMED EXEMPTIONS</u>.

18. The Trustee objects to all of the exemptions claimed by the Debtor to the extent that the listed "Current Value" for each respective item of property is, in fact, less than the actual current market value as determined by an independent third party auctioneer and/or appraiser.

19. The Trustee objects to all of the exemptions claimed by the Debtor to the extent the listed "Value of Claimed Exemptions" for each respective item of property exceeds the amounts to be claimed as exempt as permitted under applicable state and/or federal law.

20. The Trustee objects to all of the exemptions claimed by the Debtor to the extent that the Debtor failed to list or otherwise denote the appropriate constitutional provision, statute or rule that forms the basis for each claimed exemption on Schedule C.

21. The Trustee objects to all of the exemptions claimed by the Debtor to the extent that the Debtor converted otherwise non-exempt property into exempt property with actual intent to hinder, delay or defraud creditors.

22. The Trustee objects to all of the exemptions claimed by the Debtor to the extent that the Debtor and/or the assets listed in Schedule C do not qualify for the claimed exemptions under applicable Florida law.

23. While the Debtor's "spouse", Ms. Picazio has not filed for bankruptcy, there exits

4

at least one joint unsecured creditor, Ms. Lowry, that would permit the Trustee to administer jointly held assets to pay joint unsecured creditors as set forth in *In re Monzon*, 214 B.R. 38 (Bankr. S.D. Fla. 1997) and *In re Helm*, Slip Opinion, 2012 WL 1616791, United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division (May 9, 2012).

**IV.    SPECIFIC OBJECTIONS TO CLAIMED EXEMPTIONS.**

24.    Claimed Homestead Property - as noted above, the Debtor disclosed an interest in the Property located at 2101 Middle River Drive, Fort Lauderdale, Florida (hereinafter, the "Claimed Homestead Property"). The Debtor is claiming the Claimed Homestead Property as exempt as his homestead on Amended Schedule C pursuant to Article X, §4(a)(1), Fla. Const; Fla. Stat. Ann. §222.01 & 222.02 and as TBE.

25.    The Trustee objects to the claimed exemption of the Claimed Homestead Property to the extent such exemption does not apply in this case since, upon information and belief, the Debtor may have already abandoned his interest in the Property prior to the Petition Date. Further, the Trustee has not finalized the 2004 Examination of the Debtor and, therefore, reserves the right to complete its investigation of the Debtor's purported interest in the Claimed Homestead Property.

26.    Timeshares - The Debtor is claiming as exempt an interest in the Timeshares as TBE (Tenancy by the Entirety) property and has listed the current value of the claimed exemption is listed at $0.00, which is improper. Moreover, the Trustee objects to the claimed exemptions to the extent that:

a.    Timeshare #1 for Calypso Cay Vacation Villas was purchased on or about May 5, 2001 by the Debtor and Ms. Picazio and is titled as "Michael J. Picazio and Kim L Picazio as Joint Tenants with Survivorship". The Trustee challenges the value assigned to this asset and the

claim that the Timeshares is entitled to the Tenancy by the Entirety (TBE)exemption; and

      b.      Timeshare #2 for Calypso Cay Vacation Villas was purchased on or about February 27, 2007 by the Debtor and Ms. Picazio and is titled as "Michael J. Picazio and Kim L Picazio as Tenants by the Entirety". The Trustee challenges the value assigned to this asset.

      27.      Based upon the foregoing, the Trustee request that the Court value the Timeshares and order that these assets, or the value thereof, exceeding the Debtor's allowed constitutional or statutory exemptions related thereto be turned over to the Trustee for liquidation for the benefit of the estate, or that the assets be sold and the Debtor's allowed exemptions be paid from the proceeds thereof.

      28.      Next, the Debtor is claiming the full value of the Household Goods and Furnishings in the amount of $12,500 exempt as property held Tenancy by the Entirety (TBE). The Trustee objects to the claimed exemption on the grounds that (i) the Trustee is authorized under Florida law to administer jointly held assets to pay joint unsecured creditors; and (ii) the value of the Household Goods and Furnishings exceeds the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution, and/or other statutory limits allowed by law.

      29.      Pursuant to the appraisal prepared by Stampler Auction dated January 20, 2014, the Household Goods and Furnishings were appraised at $36,883.00.[3] Accordingly, the Trustee request that this court value these items, and order that those items exceeding the Debtor's allowed constitutional or statutory exemptions related thereto be turned over to the Trustee for liquidation for the benefit of the estate, or that the assets be sold and the Debtor's allowed exemptions paid from the proceeds thereof.

---

[3] The appraisal of the Household Goods and Furnishing does not include several art works owned by the Debtor and his wife that were not listed in the Debtor's schedules or included in the appraisal report.

30. Additionally, the Debtor is claiming as exempt Books, Pictures and other art objects; collectables with an unknown value as exempt Tenancy by the Entirety property. Specifically the Debtor asserts in Schedule C that he is not sure of the value of the artwork or what belongs to his wife, Ms. Picazio, per their purported "post-nuptial agreement". *See, Amended Schedule B*, ¶5. [ECF No.65]. The Trustee challenges the Debtor's claimed exemption on the grounds that there is no post-nuptial agreement executed by the Debtor and his wife that affects the ownership interests of the items claimed as exempt.

31. Further, the Personal Property claimed as exempt exceeds the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution, and/or other statutory limits allowed by law. Through discovery the Trustee has determined that the Debtor and non-debtor spouse own significant pieces of artwork and collectibles that have not been disclosed on Schedule B. Accordingly, the Trustee request that the Court value these items, and order that those items exceeding the Debtor's allowed constitutional or statutory exemptions related thereto be turned over to the Trustee for liquidation for the benefit of the estate, or that the assets be sold and the Debtor's allowed exemptions paid from the proceeds thereof.

32. Additionally, pursuant to Schedule C, the Debtor listed certain Personal Property as exempt pursuant to Article X, §4(a)(2), Fla. Const., consisting of (a) Wearing apparel $20.00; (b) Furs and Jewelry $250.00 for a total value of $270.00. The Trustee objects to the claimed exemption for the Personal Property to the extent that the actual appraised value of the Personal Property on the Petition Date as determined by an independent appraiser or third-party exceeds the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution, and/or other statutory limits allowed by law. The Trustee

challenges that the Debtor's clothes, jewelry and sporting equipment are collectively worth only $270.00. The Trustee request that the Court value these items, order those items exceeding the Debtor's Constitutional or statutory exemptions related thereto turned over to the Trustee for liquidation for the benefit of the estate.

33. Notably, the Debtor has for years run many successful businesses, while transferring hundreds of thousands of dollars between himself, Ms. Picazio and various business entities. Further, notwithstanding the above, the Trustee reserves the right to amend these Objections and to assert any additional grounds to object to the exemptions claimed by the Debtor with respect to the items listed herein should the Debtor seek to further amend Schedule C and/or upon the discovery additional information by the Trustee.

## V. LEGAL ARGUMENTS AND AUTHORITY

The filing of a bankruptcy petition creates an estate which contains all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held. 11 U.S.C. § 541(a). A debtor may exempt certain property from the bankruptcy estate by claiming an exemption in the property. 11 U.S.C. § 522(b). A party objecting to the claimed exemption has the burden of proving that the exemption is not proper. Fed. R. Bankr.P. 4003(c).

### A. Tenancy by the Entirety Exemption.

The Debtor claims a number of assets, both real and personal, on Amended Schedule C as exempt under the common law Tenancy by the Entirety. "The nature of a bankrupt's interest in property is determined by state law." *In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir.2004) (*citing Butner v. United States*, 440 U.S. 48, 55 (1979)). In Florida, a married couple may own personal property as a tenancy by the entirety. *Beal Bank, SSB v. Almand and Assocs.*, 780 So.

8

2d 45, 53 (Fla. 2001). The six necessary unities of TBE ownership are: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)." *Id.* at 52 (*citing First Nat'l Bank v. Hector Supply* Co., 254 So. 2d 777, 781 (Fla. 1971)).

A tenancy by the entirety in Florida "is an estate that can only exist between a husband and wife where both spouses own and control the entire estate." *In re Himmelstein,* 203 B.R. 1009, 1012 (Bankr.M.D.Fla.1996) (internal citation omitted). *See also, In re Helm*, Slip Opinion, 2012 WL 1616791, United States Bankruptcy Court, S.D. Florida, West Palm Beach Division, Judge Erik P. Kimball (May 9, 2012).  Under Florida law, entireties property is exempt from process to satisfy debts owed to individual creditors of either spouse ... Entireties property is *not* exempt from process to satisfy joint debts of both spouses." *In re Monzon,* 214 B.R. at 40–41 (emphasis in original) (internal citations omitted). In order for the entireties exemption to be defeated, the joint debt need not be reduced to judgment prior to the petition date. *Id.* at 42. If at some point a joint creditor could have had process issued against the entireties property under applicable non-bankruptcy law, then the debtor's interest in the entireties property is property of the estate and may be administered by the trustee. *Id.* However, if the only joint debt is fully secured by the entireties property, the trustee may not administer the entireties property because such a joint secured creditor "is fully secured and protected outside of bankruptcy...." *Id.*

Once the entireties exemption is defeated and the entireties property comes into the estate, the asset is subject to administration under section 704. In order to realize on the asset, the trustee may sell both the estate's interest and the co-owner's interest under section 363(h). The

9

non-exempt, entireties property is subject to distribution under section 726. However, distribution is limited to joint creditors of the debtor and non-debtor spouse because, under Florida law, a debtor's individual creditors cannot reach entireties property, and individual creditors "cannot obtain a different and more favorable result in bankruptcy by sharing in the distribution of [entireties] assets." *In re Monzon,* 214 B.R. at 46 (internal citation omitted). *In re Helm*, Slip Opinion, 2012 WL 1616791.

In this case, although the Debtor has claimed exemptions with respect to the assets listed on Schedule C as tenants by the entirety, the Trustee is entitled to administer such assets as property of the estate for the benefit of joint creditors. Among the unsecured creditors listed on Schedule F, the Debtor listed a debt owed to Ms. Lowry in the amount of $576,000.00 (the "Debt"). Contrary to the Schedules, which indicates that the Debt is only an obligation of the Debtor and not debt incurred jointly with the non-debtor spouse, Ms. Picazio, the Trustee has confirmed through discovery that the Debt is a joint debt resulting from a Promissory Note dated April 17, 2003, in the principal amount of $500,000 (the "Note"). Significantly, the Note was signed by both the Debtor and Ms. Picazio and according to Ms. Picazio's 2004 Examination taken on June 2, 2014, she confirmed that the Debt (to her mother, Ms. Lowry) was, in fact, a joint unsecured debt. Accordingly, the Debtor does not have the benefit of the TBE exemption under section 522(b)(3)(B) to the extent of the claims of joint unsecured creditors who could have had process issued against the Timeshares, Household Goods and Furnishings, Books Pictures and other art including, without limitation, the Wearing Apparel, Furs, Jewelry and Personal Property (collectively, the "Non-Exempt Property"). To such extent, the Non-Exempt Property is property of the estate and may be administered by the Trustee with the proceeds distributable to joint unsecured creditors.

### B.  Personal Property Exemption.

Further, the Trustee objects to the claimed exemption for the Personal Property to the extent that the actual appraised value of the Household Goods and Furnishings, Wearing Apparel, Furs, Jewelry, Books, Pictures and other art objects and collectables listed on Schedule B and claimed as exempt on Amended Schedule C, as determined by an independent appraiser or third-party on the Petition Date, exceeds the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution, and/or other statutory limits allowed by law.  Accordingly, the Trustee is entitled to turnover or payment of the value of the Personal Property which exceeds the $1,000 constitutional cap.

### C.  Zero Value of Timeshares.

Lastly, the Trustee disputes the Debtor's claim of exemption with respect to the Timeshares as having a claimed value of "0" since, among other things, simply claiming a zero exemption means that the Debtor would be entitled to receive "0" and nothing more. Accordingly, the Debtor has not claimed any exemption on such personal property and is not entitled to any exemption for such property.  *In re Zupansic,* 259 B.R. 388 (Bankr.M.D.Fla.2001) (Where Debtor claimed $2,000.00 as exempt on a vehicle which the Debtor valued at $2,525.00 the Debtor was only entitled to $2,000.00 as exempt); *In re Soost,* 262 B.R. 68 (8th.Cir.B.A.P.2001) (When only a partial amount of the value of an asset is claimed as exempt only the partial interest is exempt). Moreover, through Discovery the Trustee has learned that the Timeshares have a potential value in excess of $10,000.  For these reasons, the Trustee objects to such claimed exemption in the Timshares as having zero value and seeks turnover of such assets claimed as exempt at zero to be administered for the benefit of the estate.

**WHEREFORE**, the Trustee respectfully requests the Court enter an order sustaining the

11

Trustee's Objections to the exemptions claimed by the Debtor on Amended Schedule C with regard to the following property: (i) the Claimed Homestead Exemption; (ii) all of the Personal Property including, without limitation, the Household Goods and Furnishings, Wearing Apparel, Furs, Jewelry, Books, Pictures and other art objects and collectables listed on Schedule B and claimed as exempt on Amended Schedule C, to the extent that the amounts exceed the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution; (iii) sustaining the Trustee's Objections with respect to all real and/or property claimed exempt as Tenancy by the Entirety (TBE); (iv) sustaining the Trustee's Objections with respect to the Timeshares as having a claimed value of "0" such that the Debtor realize nothing from the liquidation of these assets; (v) requiring the Debtor to turn over all real and personal property for which the Trustee's Objections have been sustained (or value thereof), together with any assets that exceed the personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution to be administered for the benefit of the estate; and (vi) granting such further relief as is just and proper.

**Respectfully submitted this  13th day of June, 2014.**

        **GENOVESE JOBLOVE & BATTISTA, P.A**.
        Attorneys for Chapter 7 Trustee
        200 East Broward Blvd. Suite 1110
        Ft. Lauderdale, Florida 33301
        Telephone: (305) 349-2300
        Facsimile : (305) 349-2310

        By:  /s/ *Mariaelena Gayo-Gutian*
            Mariaelena Gayo-Guitian
            Florida Bar No. 0813818
            mguitian@gjb-law.com
            Glenn D. Moses
            Florida Bar No. 174556
            gmoses@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was served this 13th day of June, 2014 via CM/ECF and/or U.S. Mail upon all parties listed on the attached service list.

By: /s/ *Mariaelena Gayo-Guitian*<br>Mariaelena Gayo-Guitian, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

Atlas Acquisitions
bk@atlasacq.com

Rachel S Budke, Esq on behalf of Creditor Florida Power & Light Company
rachel_budke@fpl.com, denise_chapman@fpl.com;miriam_corzo_garcia@fpl.com

James B Flanigan on behalf of Creditor John & Maria Burgun
jbf@trippscott.com, bankruptcy@trippscott.com

Mariaelena Gayo-Guitian on behalf of Trustee Kenneth A Welt
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com

Susan D. Lasky, Esq on behalf of Debtor Michael James Picazio
ECF@suelasky.com, ECFSueLasky@gmail.com

Arthur C. Neiwirth, Esq. on behalf of Creditor John & Maria Burgun
aneiwirthcourt@qpwblaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

***Served Via U.S. Mail***

Law Offices of Kim L. Picazio
100 SE 3rd Ave Ste 2024,
Fort Lauderdale, FL  33394-0002

Thomas J. Tedesco, Jr. P.A.
321 West Davie Blvd.
Fort Lauderdale, Fl 33315

Harry Stampler
Stampler Auctions
1914 Tigertail Blvd
Dania Beach, FL 33004

Michael James Picazio
2101 Middle River Drive
Ft. Lauderdale, FL 33305-3537

Kim L. Picazio
2101 Middle River Drive
Ft. Lauderdale, FL 33305-3537