# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In re:

MICHAEL JAMES PICAZIO,

      Debtor.

_____/

CASE NO. 13-39597-BKC-RBR
CHAPTER 7

## CHAPTER 7 TRUSTEE, KENNETH A. WELT'S (I) AMENDED OBJECTIONS TO CLAIMED EXEMPTIONS OF THE DEBTOR; (II) MOTION TO STRIKE AND/OR DISALLOW AMENDED SCHEDULES AND/OR AMENDED SCHEDULE C; AND (III) MOTION FOR TURNOVER

      **KENNETH A. WELT,** as Chapter 7 Trustee (the "Trustee") for Christine Hansen (the "Debtor"), by and through counsel, and pursuant to Fed. R. Bankr. P. 4003(b) and 11 U.S.C. §542(a), files this Chapter 7 Trustee, Kenneth A. Welt's (I) Amended Objections To Claimed Exemptions Of The Debtor; (II) Motion To Strike And/Or Disallow Amended Schedules And/Or Amended Schedule C; And (III) Motion For Turnover (the "Objections") and as grounds therefore states, as follows:

## I.      BACKGROUND.

      1.      On December 13, 2013 (the "Petition Date"), the Debtor, Michael James Picazio (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").[1]

      2.      Kenneth A. Welt was thereafter appointed as the Trustee of the Debtor's Chapter

---

[1] This is the 3rd bankruptcy petition filed by the Debtor during the past 3 years.  On February 15, 2012, the Debtor filed  a chapter 11 petition [Case No. 12-13653-JKO] that was dismissed on August 14, 2012.  On April 22, 2013, the Debtor filed a chapter 7 petition [Case No. 13-19005-BKC-RBR] which was dismissed on May 17, 2013 with prejudice for 180 Days for Failure to File Summary of Schedules, Schedules A-J, Statement of Financial Affairs, Unsworn Declaration, Chapter 7 Statement of Current Monthly Income, Certificate of Credit Counseling, and payment advices.

7 estate (the "Estate").  The Section 341 Meeting of Creditors was held on January 14, 2014 at 10:00 a.m. and was concluded at that time.

3.     On December 13, 2013, the Debtor filed his Summary of Schedules, Schedules A-J (the "Schedules") and Statement of Financial Affairs ("SOFA") including Schedule C-Property Claimed As Exempt.

4.     On January 14, 2014, the Debtor filed his Amended Summary of Schedules, Amended Schedule C, [ECF No. 11] (the "First Amended Schedule C").

5.     Following the retention of the GJB Law Firm, the Trustee has been actively investigating and evaluating the Debtor's assets, real properties, executory contracts and unexpired leases as set forth in the Amended Schedules.

6.     On February 11, 2014, the Trustee filed a *Motion to Extend Time to Object to the Debtor's Claimed Exemptions* [ECF No. 29]. On March 21, 2014, the Court entered an Order granting the extension through April 14, 2014 [ECF No. 52].

7.     On April 7, 2014, the Debtor filed Amended Summary of Schedules and Amended Schedule B, [ECF No. 65] (the "First Amended Schedule B").

8.     On April 14, 2014, the Trustee filed a *Second Motion to Extend Time to Object to the Debtor's Claimed Exemptions* [ECF No. 68]. On May 13, 2014, the Court entered an Order Granting the extension through June 14, 2014 [ECF No. 71].

9.     Among the creditors listed on Schedule F – Creditors Holding Unsecured Non-Priority Claims [ECF No. 1] the Debtor listed a debt to Marion Lowry ("Ms. Lowry")[2] in the amount of $576,000.00.  The debt is listed as an obligation of the Debtor and not jointly with the non-debtor spouse. However, as discussed below, the Trustee asserts that the debt owed to Ms. Lowry is, in fact, a joint debt between the Debtor and his non-filing spouse.

_____

[2] Marion Lowry is the Debtor's mother-in-law who passed away in March 2014.

10.     On June 13, 2014, the Trustee filed his Objection to Claimed Exemptions of the Debtor and Motion for Turnover [ECF No. 105].

13.     On July 15, 2014, counsel for the Trustee served on Debtor's counsel, Susan Lasky, a demand letter (the "Demand Letter") requesting the turnover of the tax refund listed by the Debtor on First Amended Schedule B [ECF No. 65] in the amount of $7,969.63 (the "Tax Refund") for which no exemption had been claimed.[3] Copy of the Demand Letter attached hereto as **Exhibit "A"**.

14.     On July 21, 2014, the Debtor filed yet another Amendment to Schedule C ("Second Amended Schedule C") and claimed the Tax Refund as exempt as Tenancy by the Entirety ("TBE").

## II.     SPECIFIC OBJECTIONS TO THE AMENDED CLAIMED EXEMPTIONS.

15.     The Trustee hereby amends the Objection to Claims filed on June 13, 2014, to include and assert an Objection to the Tax Refund claimed as exempt by the Debtor on the Second Amended Schedule C [ECF No. 134].

16.     The Trustee also objects to the Amended Schedule C and asserts that such amendment to the Amended Schedules at this stage of the proceedings should be disallowed and stricken in its entirety since, among other things, the Debtor filed Amended Schedule C in bad faith in order to frustrate the bankruptcy process and such amendment would prejudice creditors of the Estate.

17.     Notwithstanding the above, the Trustee reserves the right to amend these Objections and to assert any additional grounds to object to the exemptions claimed by the Debtor with respect to the Tax Refund should the Debtor seek to amend Schedule C and/or upon

---

[3] On April 7, 2014, the Debtor filed Amended Schedule B, (the "Amended Schedule B") [ECF No. 65] and listed a tax refund in the amount of $7,969.63 (the "Tax Refund").  The Tax Refund was not claimed as exempt on Schedule C.

the discovery additional information by the Trustee.

III.    **LEGAL ARGUMENTS AND AUTHORITY**

      The filing of a bankruptcy petition creates an estate which contains all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held. 11 U.S.C. §541(a). A debtor may exempt certain property from the bankruptcy estate by claiming an exemption in the property. 11 U.S.C. §522(b). A party objecting to the claimed exemption has the burden of proving that the exemption is not proper. Fed. R. Bankr.P. 4003(c).

A.    **The Amended Schedule C Should Be Disallowed.**

      The Debtor claims a number of assets, both real and personal, on Amended Schedule C as exempt under the common law Tenancy by the Entirety ("TBE").  Now, more than 7 months after the Petition Date, the Debtor seek to claim as exempt the Tax Refund that he received and cashed in December of 2013 as TBE.  The Trustee objects to the Second Amended Schedule C and asserts that such amendment to the Amended Schedules at this stage of the proceedings should be disallowed and stricken in its entirety. See, *In re Talmo*, 185 B.R. 637 (S.D. Fla. 1995).  Clearly, the Second Amended Schedule was filed only after the Trustee served Debtor's counsel with the Demand Letter. Bankruptcy Rule 1009(a) provides, "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Rule 1009 adopts a permissive approach that freely allows amendments to lists or schedules without court permission at any time during the case. *In re Magallanes,* 96 B.R. 253 (9th Cir. BAP 1988).

      Despite the permissive language of the rule, the Court has the discretion to not permit amendments: (i) if the proposed amendment would prejudice creditors; (ii) if the debtor has acted

in bad faith; or (iii) if the debtor concealed assets. *See Matter of Doan,* 672 F.2d 831 (11th Cir.1982). The exceptions recognized by the Eleventh Circuit in *Doan* have been adopted and applied by numerous other courts. *See, e.g., Matter of Yonikus,* 996 F.2d 866, 872 (7th Cir.1993); *Magallanes, supra; In re Kobaly,* 142 B.R. 743 (Bankr.W.D.Pa.1992); *In re Myatt,* 101 B.R. 197 (Bankr.E.D.Cal.1989).

Moreover, the timing of the Amended Schedules and, in particular, Amended Schedule C is prejudicial to the Trustee and creditors of the Estate.  The intentional and/or deliberate delay by the Debtor in seeking to amend the Schedules, in particular, Amended Schedule C, until after service of the Demand Letter and the Trustee alerting the Debtor that the Tax Refund was not claimed as exempt appears to have been conceived for the purpose of gaining an economic or tactical advantage at the expense of creditors and the Estate. Such conduct is further evidence bad faith by the Debtor in claiming the Tax Refund as exempt. *In re Nicholoson*, 435 B.R. 622 (BAP 9th Cir. 2010)(debtor's intentional and deliberate delay in amending an exemption for the purpose of gaining an economic or tactical advantage at the expense of creditors and the estate constitutes bad faith in claiming of exemption. 11 U.S.C.A. § 522(*l*); Fed.Rules Bankr.Proc.Rule 4003(b). For these reasons, the Amended Schedules, including without limitation, the Debtor's claimed exemptions in the Second Amended Schedule C must be disallowed and/or stricken in its entirety.

**B.     Tenancy by the Entirety Exemption.**

Alternatively, in the event that this Court allows the Second Amended Schedule then the Trustee is entitled to administer such assets as property of the estate for the benefit of joint creditors.  Among the unsecured creditors listed on Schedule F, the Debtor listed a debt owed to Ms. Lowry in the amount of $576,000.00 (the "Debt").   Contrary to the Schedules, which

indicates that the Debt is only an obligation of the Debtor and not debt incurred jointly with the non-debtor spouse, Ms. Picazio, the Trustee has confirmed through discovery that the Debt is a joint debt resulting from a Promissory Note dated April 17, 2003, in the principal amount of $500,000 (the "Note"). Significantly, the Note was signed by both the Debtor and Ms. Picazio and according to Ms. Picazio's 2004 Examination taken on June 2, 2014, she confirmed that the Debt (to her mother, Ms. Lowry) was, in fact, a joint unsecured debt. Accordingly, the Debtor does not have the benefit of the TBE exemption under section 522(b)(3)(B) to the extent of the claims of joint unsecured creditors who could have had process issued against the Non-Exempt Property. To such extent, the Non-Exempt Property is property of the estate and may be administered by the Trustee with the proceeds distributable to joint unsecured creditors.

## III.    RELIEF REQUESTED

**WHEREFORE**, the Trustee respectfully requests the Court enter an order sustaining the Trustee's Objections to the exemptions claimed by the Debtor on Amended Schedule C and Second Amended Schedule C with regard to the following property: (i) the Claimed Homestead Exemption; (ii) all of the Personal Property including, without limitation, the Household Goods and Furnishings, Wearing Apparel, Furs, Jewelry, Books, Pictures and other art objects and collectables listed on Schedule B and claimed as exempt on Amended Schedule C, to the extent that the amounts exceed the One Thousand Dollar ($1,000.00) personal property exemption allowable by §4(a)(2) of Article X of the Florida Constitution; (iii) sustaining the Trustee's Objections with respect to all real and/or property claimed exempt as Tenancy by the Entirety (TBE) including the Tax Refund; (iv) sustaining the Trustee's Objections with respect to the Timeshares as having a claimed value of "0" such that the Debtor realize nothing from the liquidation of these assets; (v) requiring the Debtor to turn over all real and personal property for

which the Trustee's Objections have been sustained (or value thereof), together with any assets

that exceed the personal property exemption allowable by §4(a)(2) of Article X of the Florida

Constitution to be administered for the benefit of the estate; and (vi) granting such further relief

as is just and proper.

**Respectfully submitted this  22nd day of July, 2014.**

**GENOVESE JOBLOVE & BATTISTA, P.A**.
Attorneys for Chapter 7 Trustee
200 East Broward Blvd. Suite 1110
Ft. Lauderdale, Florida 33301
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:  /s/ *Mariaelena Gayo-Guitian*
        Mariaelena Gayo-Guitian
        Florida Bar No. 0813818
        mguitian@gjb-law.com
        Glenn D. Moses
        Florida Bar No. 174556
        gmoses@gjb-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was served

this 22nd day of July, 2014 via CM/ECF and/or U.S. Mail upon all parties listed on the attached

service list.

By:  /s/ *Mariaelena Gayo-Guitian*
        Mariaelena Gayo-Guitian, Esq.

**SERVICE LIST**

***Served Via CM/ECF Notification***
Atlas Acquisitions
bk@atlasacq.com

Rachel S Budke, Esq on behalf of Creditor Florida Power & Light Company
rachel_budke@fpl.com, denise_chapman@fpl.com;miriam_corzo_garcia@fpl.com

James B Flanigan on behalf of Creditor John & Maria Burgun
jbf@trippscott.com, bankruptcy@trippscott.com

Susan D. Lasky, Esq on behalf of Debtor Michael James Picazio
ECF@suelasky.com, ECFSueLasky@gmail.com

Arthur C. Neiwirth, Esq. on behalf of Creditor John & Maria Burgun
aneiwirthcourt@qpwblaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

***Served Via U.S. Mail***

Law Offices of Kim L. Picazio
100 SE 3rd Ave Ste 2024,
Fort Lauderdale, FL 33394-0002

Kim L. Picazio
2101 Middle River Drive
Ft. Lauderdale, FL 33305-3537

Thomas J. Tedesco, Jr. P.A.
321 West Davie Blvd.
Fort Lauderdale, Fl 33315

Harry Stampler
Stampler Auctions
1914 Tigertail Blvd
Dania Beach, FL 33004

Michael James Picazio
2101 Middle River Drive
Ft. Lauderdale, FL 33305-3537

# EXHIBIT "A"



GENOVESE
JOBLOVE &
BATTISTA
P.A.
*Attorneys at Law*

MARIAELENA GAYO-GUITIAN, ESQ.
Telephone: (954) 453-8000
Facsimile: (954) 453-8010
Email: mguitian@gjb-law.com

July 15, 2014

**Via e-mail** ECF@suelasky.com

**Susan D. Lasky, Esq**
915 Middle River Drive
Suite 420
Fort Lauderdale, FL 33304

**Michael James Picazio**
2101 Middle River Drive
Fort Lauderdale, FL 33305

RE:    **MICHAEL JAMES PICAZIO, Case No. 13-39597-BKC-RBR**

Dear Ms. Lasky:

As you are aware, this firm represents Kenneth A. Welt, as chapter 7 Trustee, in the above referenced case. On December 13, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Kenneth A. Welt was thereafter appointed as the Debtor's Chapter 7 Trustee. The Debtor is required to disclose and identify in his schedules all undetermined tax refunds together with an estimate of what he expects may be refunded. On December 13, 2013, the Debtor filed a voluntary petition, schedules and statement of financial affairs [ECF No.1](collectively the "Schedules"). In the Schedules, the Debtor failed to disclose any entitlement to a tax refund.

On April 7, 2014, the Debtor filed Amended Schedule B, (the "Amended Schedule B") [ECF No. 65] and listed a tax refund in the amount of $7,969.63 (the "Tax Refund"). The Tax Refund was not claimed as exempt on Schedule C. Accordingly, the trustee is entitled to take control of the tax refund for which no exemption has been claimed.

At the 2004 Examination of the Debtor held on July 8, 2014, the Debtor testified that the Tax Refund was the total refund the Debtor and his non-filing spouse, Kim Picazio, received from their federal tax return for the tax year 2011. The Debtor further testified that in December 2013, he received and cashed a check from the Internal Revenue Service in the amount of $7,969.63. Because the Debtor has not claimed a § 522 exception with respect to the tax refund "the rule of inclusion stated in § 541 controls" and the entire Tax Refund may be found to be property of the estate. Accordingly, this letter will serve as formal notice and demand for turnover by the Debtor of the Tax Refund.

Unless payment of the Tax Refund is received by us in full within seven (7) days of the date of this letter, we will have no alternative but to proceed with the filing of a Motion to Compel Turnover and exercise whatever rights and remedies we have under the law to enforce the turnover, including but not limited to institution of legal proceedings against the Debtor to recover the above amount, together with accrued interest and legal expenses.

Kindly govern yourself accordingly.

Sincerely,

*Mariaelena Gayo Guitian*

Mariaelena Gayo-Guitian, Esq.

cc: Glenn D. Moses, Esq.
    Kenneth A. Welt, Chapter 7 Trustee